IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| THOMAS W. DURKIN, as Special Administrator of the Estate of MARY V. DURKIN, <br><br> Plaintiff, <br><br> v. <br><br> BAYER CORPORATION, BAYER PHARMACEUTICALS CORPORATION, BAYER HEALTHCARE LLC, and BAYER A.G., <br><br> Defendants. | FILED <br> DECEMBER 20, 2007 <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT <br><br> Civil Action No. _____ **07 C 7162** <br><br> **JUDGE MANNING** <br> **MAGISTRATE JUDGE ASHMAN** |

## NOTICE OF REMOVAL

Defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Bayer HealthCare LLC,[1] through undersigned counsel, hereby remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and state as follows in support of this Notice of Removal:

1. Plaintiff, Thomas W. Durkin, filed this action in the Cook County Circuit Court as the special administrator of the estate of Mary V. Durkin. Plaintiff asserts survival and wrongful death claims under theories of negligence, strict products liability (defective design and failure to warn), breach of express and implied warranties, fraudulent concealment and misrepresentation. and unfair trade practices.

---

[1] These removing defendants, by removing this case, do not enter an appearance for defendant Bayer AG, which has not been served with process.

2. The allegations in plaintiff's Complaint relate to the prescription pharmaceutical aprotinin injection, which has the proprietary name Trasylol®. The Complaint alleges that Ms. Durkin was administered Trasylol® during the course of heart surgery on October 27, 2003, Compl. ¶¶ 33-34, and that she died on November 23, 2003, *id.* ¶ 35. Plaintiff seeks unlimited compensatory damages and "Punitive and/or Treble Damages," as well as attorney fees, against defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, Bayer HealthCare LLC, and Bayer AG. *Id.*, "Wherefore" clause.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of interest and costs.

I. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

4. Plaintiff's Summons and Complaint were served on Bayer Corporation, Bayer Pharmaceuticals Corporation, and Bayer HealthCare LLC on December 13, 2007. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b). *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

5. Bayer AG has not been served with the Summons and Complaint. Accordingly, Bayer AG's consent to this removal is not required. *See*, *e.g.*, *P. P. Farmers' Elevator Co.* v. *Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968) (a defendant "need not have joined in petitioning for removal if it had not been served with the state court summons"), *cited with approval in Shaw* v. *Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993) (consent of defendant served after filing of removal petition not required); *Hess* v. *Great Atlantic & Pacific Tea Co.*, 520 F. Supp. 373, 376 (N.D. Ill. 1981) (same).

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed or served in the state court action are attached as Exhibit A.

7. The United States District Court for the Northern District of Illinois embraces the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 86 and 1441(a).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiff and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

10. If any question arises regarding the propriety of the removal of this action, the removing defendants respectfully request the opportunity to present a brief and oral argument in support of the position that this case is removable.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists.

#### 1. Plaintiff's Citizenship.

12. Plaintiff's decedent, Mary V. Durkin, upon information and belief was a citizen of Illinois when she died. Compl. ¶ 2 (alleging that Ms. Durkin was a resident of Illinois when she died); *see Dakuras* v. *Edwards*, 312 F.3d 256, 257 (7th Cir. 2002) ("[c]itizenship for purposes of the diversity jurisdiction is domicile"). Plaintiff is a resident of Illinois and is the "surviving son and Special Administrator of [Ms. Durkin's] estate." Compl. ¶¶ 1, 38. The representative of a

3

decedent's estate is deemed to be a citizen of the state of which the decedent was a citizen at the time of death. 28 U.S.C. § 1332(c)(2). Accordingly, plaintiff is a citizen of Illinois.

### 2. Defendants' Citizenship.

13. Bayer Corporation is, and was when this action was served, an Indiana corporation with its principal place of business in Pennsylvania. Compl. ¶ 3. Accordingly, Bayer Corporation is a citizen of Indiana and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

14. Bayer Pharmaceuticals Corporation is, and was when this action was served, a Delaware corporation with its principal place of business in Connecticut. Compl. ¶ 4. Accordingly, Bayer Pharmaceuticals Corporation is a citizen of Delaware and Connecticut. *See* 28 U.S.C. § 1332(c)(1).

15. Bayer HealthCare LLC is, and was when this action was served, a limited liability company whose sole member is (and was) Bayer Corporation. Compl. ¶ 5. Accordingly, Bayer HealthCare LLC, like Bayer Corporation, is a citizen of Indiana and Pennsylvania. *Id.*; *see Thomas* v. *Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

16. Bayer AG is, and was when this action was served on the removing defendants, a German corporation with its principal place of business in Germany. Compl. ¶ 6. Accordingly, Bayer AG is a citizen of Germany. *See* 28 U.S.C. § 1332(a). Bayer AG has not been served with process in this case.

### B. The Amount in Controversy Requirement Is Satisfied.

17. It is apparent from the face of the Complaint that the amount in controversy in this wrongful death case substantially exceeds $75,000, exclusive of costs and interest.

18. The Complaint alleges that plaintiff's decedent experienced "renal insufficiency," "renal failure," and death as a result of being administered Trasylol®. Compl. ¶¶ 33-40. The claimed injuries are described as "devastating," and they allegedly caused the decedent to endure "severe pain and suffering" and "extensive anxiety, distress, fear . . . and depression," thereby "substantially reduc[ing her] ability to enjoy life" and eliminating her "capacity to earn wages." *Id.* ¶¶ 37-40. These injuries also allegedly forced the plaintiff to incur "expenses for hospital care, medical care, nursing services, medicines, x-rays and funeral and burial expenses." *Id.* ¶ 38. The Complaint seeks compensation for all of these alleged harms and expenses, as well as punitive damages in an unspecified amount. *Id.* ¶¶ 41-115. Additionally, the Complaint asserts that plaintiff is entitled to treble damages and attorney fees. *Id.*, "Wherefore" clause.

19. Given the serious nature of the alleged injuries and the broad scope of damages requested, the Complaint plainly satisfies the jurisdictional amount requirement. *See McCoy* v. *General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (where the plaintiff alleged permanent lung damage in a personal injury suit, "[i]t is difficult to see how, if he succeeded in proving his claim . . . he would be entitled to less than . . . [the] jurisdictional minimum"); *Shaw* v. *Dow Brands*, 994 F.2d 364, 366 n.2 (7th Cir. 1993) (holding that the amount in controversy requirement "is satisfied if a defendant in a removal action can show to a reasonable probability that more than [the jurisdictional minimum amount] is in controversy"); *McCoy*, 226 F. Supp. 2d at 941 (citing cases and holding "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in

damages," when the complaint alleged that the plaintiffs had suffered "lasting and permanent injuries[,] . . . severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis" and incurred bills related to "medical, surgical, hospital, and nursing care for their injuries"); *Van Swol* v. *ISG Burns Harbor, LLC*, 491 F. Supp. 2d 807, 809-11 (N.D. Ind. 2007) (holding "the face of the [complaint]" demonstrated that the amount in controversy exceeded $75,000, when the complaint alleged that the plaintiff had experienced "severe personal injuries," "physical pain and suffering," "mental suffering," and "permanent disability").[2]

20. Where liability is established, wrongful death claims in Illinois typically result in awards far greater than $75,000. *E.g.*, *Backes* v. *Bombardier*, No. 02-L-52, 2007 WL 2821500 (Winnebago County, May 2007) ($2 million in wrongful death products liability case); *Garzee* v. *John Crane Inc.*, No. 01-L-201, 2004 WL 3825474 (Peoria County, June 2004) ($2 million in wrongful death products liability case); *Morus* v. *Kapusta*, 791 N.E.2d 147 (Ill. App. Ct. 2003)

---

[2]  Likewise, courts outside of the Seventh Circuit have routinely held that claims of wrongful death involve damages in excess of $75,000. *See*, *e.g.*, *Branson* v. *Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) ("the claimed damages in a wrongful death case like this one would—with certainty—be far in excess of $75,000.00"); *Vega-Torres* v. *Municipality of Arecibo*, No. Civ.03-2194(HL), 2004 WL 1202731, at *2 (D.P.R. Apr. 16, 2004) ("[I]t is facially apparent that a wrongful death claim, including mental anguish, terror in anticipation of death, loss of companionship and loss of income, exceeds the jurisdictional amount."); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication); *see also De Aguilar* v. *Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding it "facially apparent" that claims for "wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses" satisfied jurisdictional minimum for purposes of removal); *Knickerbocker* v. *Chrysler Corp.*, 728 F. Supp. 460, 462 (E.D. Mich. 1990) ("This being a wrongful death case, the amount in controversy clearly exceeds $50,000."); *cf. Corbelle* v. *Sanyo Elec. Trading Co.*, No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) (remanding personal injury case to state court and noting: "This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that *would clearly establish* an amount in controversy in excess of $75,000.") (emphasis added).

6

($1.25 million verdict on wrongful death medical malpractice claims in case from Cook County); *Bartoli* v. *Wal-Mart Stores Inc.*, No. 03-L-16139, 2003 WL 24983535 (Cook County, Dec. 2003) ($900,000 in wrongful death products liability case); *Lyons* v. *Janssen Pharmaceutical*, No. 94-L-324, 2001 WL 34089311 (Peoria County, May 2001) ($876,000 in wrongful death products liability case); *Townsend* v. *Univ. of Chi. Hosp.*, 741 N.E.2d 1055 (Ill. App. Ct. 2000) ($850,000 verdict on wrongful death medical malpractice claims in case from Cook County); *Hansen* v. *Baxter Healthcare Corp.*, 723 N.E.2d 302 (Ill. App. Ct. 1999) (affirming in part $1.5 million verdict on wrongful death products liability claims in case from Cook County); *Kim* v. *Alvey Inc.*, No. 93-L-12849, 1999 WL 34551301 (Cook County, Apr. 1999) ($2.2 million in wrongful death products liability case); *see also Ungard* v. *Rosako Inc.*, No. 96-C-3244, 1998 WL 35080111 (N.D. Ill., July 1998) ($400,000 in wrongful death products liability case).

WHEREFORE, Defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Bayer HealthCare LLC respectfully remove this action from the Circuit Court of Cook County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to this removal, the removing defendants respectfully request an opportunity to provide briefing and an oral argument as to why removal is proper.

December 20, 2007    Defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Bayer HealthCare LLC

By:  /s Elizabeth C. Curtin
     One of Their Attorneys

Eugene A. Schoon (eschoon@sidley.com)
Craig A. Knot (cknot@sidley.com)
Elizabeth C. Curtin (ecurtin@sidley.com)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603
Phone:  (312) 853-7000
Fax:     (312) 853-7036

7

CH1 4102780v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing documents were sent by U.S. Mail, postage pre-paid and/or electronically delivered through this Court's Electronic Filing System on this 20th day of December, 2007, to the following counsel of record:

| | |
|---|---|
| **Jeffrey B. Sussman** | **Paul J. Napoli** |
| Sussman Selig & Ross | **Marc Jay Bern** |
| One East Wacker Drive, Ste. 3650 | **Christopher R. LoPalo** |
| Chicago, IL 60601 | Napoli Bern & Associates, LLP |
| Telephone: (312) 977-4000 | 3500 Sunrise Highway, Ste. T-207 |
| jbs@ssrlaw.com | Great River, NY 11739 |
| | Telephone: (212) 267-3700 |

                                                             /s Elizabeth C. Curtin
                                                             Elizabeth C. Curtin